UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MURO, ) | Case No. 1:21-CV-00685-GSA |
| ) | |
| Plaintiff ) | **STIPULATION AND PROPOSED** |
| ) | **ORDER FOR AWARD OF ATTORNEY'S** |
| v. ) | **FEES UNDER THE EQUAL ACCESS TO** |
| ) | **JUSTICE ACT (EAJA)** |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____ ) | |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff shall be awarded attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d), in the amount of TWO THOUSAND EIGHT HUNDRED AND EIGHTY-FIVE dollars and FORTY-NINE cents ($2,885.49). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. sec. 2412(d).

After the Court issues an order for payment of EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.    The government's ability to honor the assignment will depend on whether the fees and expenses are subject to an offset allowed under the United States Department of the Treasury's Offset Program pursuant to Astrue v. Ratcliff, 130 S.Ct. 2521 (2010).  After the order of EAJA fees and expenses is entered, the government will determine if they are subject to an offset. If it is determined that Plaintiff's EAJA fees and expenses are not subject to an offset under Astrue v. Ratcliff, 130 S.Ct. 2521 (2010) and the Department of Treasury's Offset Program, then the check for EAJA fees and expenses shall be made payable to Jacqueline A. Forslund, based upon Plaintiff's assignment of these amounts to Plaintiff's attorney.  The parties agree that whether these checks are made payable to Plaintiff or Jacqueline A. Forslund, such checks shall be mailed to Plaintiff's attorney. This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar

to, any and all claims that Plaintiff and/or Plaintiff's Counsel may have relating to EAJA attorney fees in connection with this action.

Respectfully submitted,

Date: April 11, 2022         JACQUELINE A. FORSLUND
                             Attorney at Law


                             */s/Jacqueline A. Forslund*
                             JACQUELINE A. FORSLUND
                             Attorney for Plaintiff

Date: April 11, 2022         PHILLIP A. TALBERT
                             United States Attorney
                             LISA A. THOMAS
                             Regional Chief Counsel, Region VII
                             Social Security Administration

                             */s/ Sarah E. Preston*
                             SARAH E. PRESTON
                             Special Assistant United States Attorney
                             *By email authorization
                             Attorney for Defendant

                             ORDER

IT IS SO ORDERED.

   Dated:  **April 11, 2022**              **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE